Next matter is Huckaby v. Bradley et al. Good morning. May it please the Court, Judge. It's a pleasure to be here. I'd like to reserve... We don't know that yet. I'm sorry? We don't know that yet whether it's a pleasure to be here or not. So far, so good. I'm going to assume it's a pleasure to be here. Okay. And I'm not going to disclose, Judge, that I'm a Giants fan deep in Eagles. That doesn't help you. I'd like to reserve five minutes for rebuttal. Thank you. Claims Scott Huckaby brings a Fifth Amendment due process clause claim, maintaining that his Fifth Amendment due process rights were violated on 515. We know what the claims are. He has filed the Federal Tort Claims Act case. Is that right? Correct. Appenditive damages, they're not available under the FDCR. Not available under the... What about the Military Act? No, and the Military Act tax damages at $100,000. Okay. Is Military Claims Act even a potential source here because there is an action under the Federal Tort Claims Act? I don't believe it is, Judge, and I didn't file a Military Claims Act claim. Under 2672, on the Military Claims Act, it says you can't bring it if it would be under the Federal Tort Claims Act. Is that correct? That is my understanding. So I chose to bring this as a Federal Tort Claims Act case. I felt that was appropriate. Given the facts of this case, and given that we had individuals involved who we felt were sufficiently identifiable, Bivens' action was appropriate because of the specific requests that Mr. Huckabee made for medical care. Do we know how long, when is it alleged, how long had he been in custody before he started asking for his Crocs or for gauze or something? Almost immediately he began asking for it because he was asked to take his shoes off almost immediately. And that's, in my experience, something that's routinely done in prisons because individuals often try to harm themselves, or at least in theory could, with shoelaces and things like that. How do you distinguish this case from the cases that says we're just not going to get involved in military affairs, chain of command, we have military defendants here, hands-off with a Bivens context. We should be hesitant because we have military defendants here. I would suggest it's very distinguishable because at least in the military cases that I reviewed and saw and that were referenced by the government, those are military-on-military actions where you might have enlisted officers suing superior officers. How about the recent case of the Fourth Circuit? The one that was supplied? The Doe case, yes. Yeah. That was a civil servant. It was a civil servant, but again, it's a federal employee. So that's distinguishable as well from Mr. Huckabee's case. Mr. Huckabee was a citizen, a guy right off of the street who his job was to make deliveries and deliver equipment and parks up and down the East Coast. He lives in Lake Wales, Florida. He was driving with his son with a trailer attached. His son was in the car at the time? His son was with him, yes. I can't go beyond the complaint, but how old was his son? Is that alleged in the complaint? I don't recall if I specifically alleged that in the complaint, quite frankly, Judge, but he's in his late 20s. Okay. How would you compare this case to Bistrian? I am not familiar with... Our Third Circuit case? I am familiar with Bistrian. Involving the prisoner one-on-one fighting. Judge Jordan wrote that the Federal Torts Claim Act is a complement to a Bivens action so that it's not an adequate alternative remedy. I would distinguish that case with Carlson v. Green where it's very explicitly stated that the Federal Tort Claims Act does not provide an alternative remedy. Bistrian is consistent with that. Bistrian said it's a complement. Correct, right. I apologize. I misunderstood and misspoke. Yeah, it's a parallel proceeding that's available for the reasons that they discuss in Carlson including, among other things, as you said, Judge McKee, there are no punitive damages under the Tort Claims Act, but there are under Bivens and... And the Tort Claims Act is against the United States. Correct. So in Carlson they said also it's not a sufficient deterrent. That's exactly right. The same way the individual actions such as Bivens. That's exactly right, Judge. And that is an important part of the argument that we make here in our position in proceeding with this action. I mean, the Supreme Court has more recently been very restrictive on extending Bivens. They have. What is it here that should say that this is different? So Ziegler v. Abbasi is the big case that we're dealing with here. And in Ziegler we were dealing with facts directly related to 9-11 and the aftermath of the terrorist attack and how do we deal with potential terrorists and detaining them. Mr. Huckabee's case, I suggest, falls right in the heartland of Bivens' actions. It's a straightforward injury case. It implicates... That's a deliberate indifference case. Exactly. It implicates the Eighth Amendment and deliberate indifference to a serious medical need and certainly as someone who was diabetic with an open diabetic wound. How big was the wound? A couple of inches in diameter. Four inches. Was it a visible wound, Judge? I don't have pictures. You allege visibility. Excuse me? You allege visibility. Yes, yes, yes. And it was... Not only the wound was visible but how it was... The condition of the wound at that time was visible as well. It was seeping through his socks and that's why he made the very simple request for gauze and croc shoes, which he had, which are rubber sandals which under no circumstances could pose any kind of safety or threat within a jail cell. And importantly, Judges, he was in a jail cell where a toilet is within arm's reach of him and that's what posed the ultimate hazard for him because this was not a sanitary place and he expressed this concern right out of the gate. Initially, he was ignored and ultimately they'd go and they'd retrieve the items but they don't give them to him. They're sitting out on someone's desk. So I would suggest that to allow individuals to handle such a serious situation and for a diabetic to have an open wound is about as serious as can be, is callous and indifferent to a serious medical need. Shocks the conscience of the test. Shocks the conscience and falls well within the ambit of the Eighth Amendment cases for deliberate indifference to a medical need. Describe the trailer for me again to the extent that it comes out in the complaint. So the trailer was something, the best example I can give of things that I have seen is where landscapers have a large enclosed trailer that has equipment in it maybe 15, 20 feet long 5 feet high and it was a large trailer and the gun was secured and enclosed. He wasn't delivering the gun he was delivering other things. Correct. And the gun was secure in that compartment. Correct. What ultimately happened when he just was let go? I'm sorry, Judge. Was it one gun or more than one gun? I thought he had several guns in the trailer. I actually think that that is correct. There were a couple of guns. A couple to several. How many did he have? I believe it's two, Judge. And I could be misspeaking on that. But he disclosed it voluntarily. He said, I want you guys to know because as you go into Fort Dix they have scanners and x-ray type machines Where was he detained? Was he charged with something? So he was ultimately charged with a gun charge unlawful possession of a weapon. That was resolved. I actually represented him on that by way of a diversionary program. How quickly was he let go from detention? About 8 hours. He was arrested or taken into custody at about 4 o'clock in the afternoon. He was released around midnight that night. How long was he in cell? Handguns. How long was he in cell? How long? In the cell that whole time, Judge. He was in the cell that whole time. I mean, obviously there are, I'm sure, a couple minutes at the beginning, a couple minutes at the end where he's being processed initially and then being released but for all intents and purposes the entire time. Thank you. Good morning, Your Honors. May it please the Court. My name is Daniel Myler. I'm an assistant United States attorney from the District of New Jersey. I represent 9 of the 12 military defendants in this case. The District Court was right to hold that this case presents a new Bivens context because it arises in the context... Even if it does, I'm not conceding that, but even if it does present a new Bivens context, why would you dismiss this at the Trophy 6 stage? Because there's nothing here that implicates military security or national security. This is a guy making a delivery. He tells the guardsmen, the officers at the gate, I've got some guns back there. Sounds like there's no way in the world he can get to those guns. They're not a threat. They're in this trailer. Apparently, at least from the complaints where I read it, they're secured separately in the trailer. Next thing you know, he's arrested in these ridiculous conditions that he's kept in with an open wound. He asks for something which doesn't compromise security. They bring it to him. Well, they bring it in. They don't give it to him. How in the world, even if it's a new Bivens context, why is this case beyond the parameters that the Supreme Court said we should not delve into? Two things to that, Your Honor. One is all of the defendants in the case are military officials. That's what makes it a Bivens action. That gets us nowhere. If they were private citizens, we wouldn't be here. And this is not a chain of command. And this is not implicating national security or policy of any kind. They were all operating pursuant to military plans, procedures, rules that govern what happens when someone comes onto a base with a weapon, when they have to be detained. What happens in a cell when they contend that they have a horrible disease and could be harmed? Is that military protocol here? There are protocols that cover when medical care should be provided. What medical protocol is there that prevents somebody who says that he or she is a diabetic, who's in an unsanitary cell with an open wound who asked for gauze and his laceless tracks? What policy is out there that says you can't get them? Your Honor, obviously the allegations are they're not pretty. We're not saying that someone has no right to medical care when they're in detention. You're just not giving them the right to medical care when they're in detention. The question that Abbasi puts to the courts is what remedy should be available to that person? For a person who is injured on a military base or suffering from an injury on a military base Congress has already spoken and that's what the Military Claims Act represents. There's a provision in the Military Claims Act that says you can't pursue it if it falls under the Federal Tort Claims Act. As the Vance Court in the Seventh Circuit held the Military Claims Act does not have to be a perfect remedy and often it's not. But Vance is a foreign nation and the Military Claims Act is primarily for situations in foreign nations, is it not? It can be in foreign nations or in the United States. It doesn't have a geographic limit. Is it not correct that if something falls under the Federal Tort Claims Act an action can't be brought under the Military Claims Act? That's correct, Your Honor. If that's correct, why is not the Supreme Court's statement in Carlson that the Federal Tort Claims Act is not a sufficient alternative remedy because it's not a deterrent and doesn't have the same incentive for individual liability. Why is that not controlling as to the fact that the Federal Tort Claims Act is not an alternative remedy? We don't contend that it is Okay. I would point the Court to its decision in Vanderklok which holds that even without an alternative remedy, the fact that the case arises in the context of a military base or national security is sufficient on its own to counsel against implying a new bid. Not really on its own. That had to do with the TSA with a split-second decision about a reporting of somebody having a bomb. That implicates national security. That implicates policy. Here we have a deliberate indifference claim. That's your classic claim that courts are supposed to resolve and we do resolve. The issue with Bivens is should we hesitate because Congress should want to legislate instead of us? If it's a deliberate indifference claim why should that cause us to hesitate? I think because that's why I pointed to the Military Claims Act. Not because the plaintiff can bring a Military Claims Act claim but because Congress has spoken for people who are injured by a member of the military and said here's the procedure you should follow this is how it's done this is the damages available there's a statute that Congress has made But tellingly it doesn't apply to him so they're presuming that someone in his situation goes a different route which would be Federal Tort Claims Act but if it's not adequate he also can bring a Bivens claim as in Carlson Isn't that logically where that argument leads? Your Honor I would also want to answer the question. Isn't that logically where it gets me? I'm not aware of a case  narrowly for the different parts of the encounter in Vanderklok, in Vance in Abbasi Vanderklok is probably the shortest amount of time but the others are months, weeks of occurrence and the court looks at the overall context and here the context is a military base In determining whether a new claim opens up a new type of Bivens liability we can look at various factors we can look at the service involved we can look at the nature of the claim If we determine that the service involved, the military is such that a Bivens claim should not be made against a member of the military does it matter what the claim is for? No, Your Honor The Supreme Court and the various circuit courts that have addressed this have addressed discrimination claims, injury claims Fifth Amendment claims and others various types of injuries But don't all those claims implicate in some way the chain of command and the unique structure and environment of the military situation? Not in the sense that they're all service member versus service member or superior officer In both Vance and Doe versus Marin these were claims brought by civilians In Vance specifically these were not even federal employees they were outside contractors who were assisting the military Did they implicate policy matters though? They do because they implicate how the military conducts its affairs on its bases and that is the primary concern that the Supreme Court in Chappelle What we are saying in terms of if we were to agree with your opponent the only thing that a papal ruling for the plaintiff here would mean in terms of how the military should conduct its affairs is that we're saying when you get someone who doesn't appear to pose any danger whatsoever who is detained who has an open wound on his foot forget a second the diabetic situation which magnifies it exponentially you can't just ignore it especially when the guy's got crocs and gauze that he provided himself he's not telling the military go to the PX and get something out of the PX and bring it to me he's saying give me my own stuff because I've got this wound on the bottom of my foot If somehow that creates a policy which is going to interfere with the operation of the military help me to understand that Your honor it implicates what the military does when Exactly right Every Bivens action implicates what the defendant should do Bivens itself implicated what the persons who were charging into someone's property in violation of the 4th amendment what they can and cannot do It implicates the fact that the military can't just detain a civilian and be indifferent to the extent that it shocks the confidence to his or her situation Maybe it does if we want to say that the military I'm sorry I missed the last part of that Bivens actions that we want security on military bases to be such that in a short term detention for having arms if the military rules say XYZ and a a Mr. Huckabee gets injured by that it's up to congress to say well we will have to create a remedy but until then we have not created a remedy the supreme court tells us don't look for new Bivens types of actions and I think there's an argument to be made that to say extend Bivens to any injury committed by the military is doing what the supreme court has told us not to do That's exactly right your honor the supreme court in Chappell and in Stanley the facts in some of the Bivens cases are the facts in Stanley are horrific a service member in the 1950s was given LSD But maybe we should remand for the district court to conduct an analysis whether this implicates any kind of policy that we have said and they have said should cause us to hesitate whether it implicates ongoing policies that the military may have or security or anything else Your honor I would want to just address the qualified immunity point as well I think if we're at qualified immunity that would have to go back to the district court We don't know enough That was never addressed at all And your light is on and we've got a kind of a hodgepodge here in terms of the way the timing has been broken up So let me move on if I may to Mr. McMean I think is next Good morning your honor My name is Daniel McMean I represent two of the similarly situated military defendants I'm sorry I represent two of the similarly situated military members Sergeant Rothwein and Sergeant Randy Prill As you can see in the papers and the arguments we're generally joined at the hip here That's why I can't understand whether we allowed I took two three minutes of your time simply because I do represent two members of these military and they deserve counsel since they're separate from the Department of Justice I would just like to at least point out that throughout this genesis of the Bivens context at least for decades now it's been judicially disfavored The court has also said that Bivens is not dead and it seems to me that if Bivens is going to get a stake given to what's hurt the Supreme Court has to open the coffin and drive it in We can't do that I certainly agree with that but I think they've generally gotten closer to that point by focusing in on just the three claims Bivens and Carlson and to extend this and I know you've mentioned and it's been mentioned several times about the fact that this doesn't affect national security it would have to respectfully disagree We're dealing with a military base here Help me expand on that Are you saying anything that happens on a military base affects national security? I think bringing weapons onto a military base especially with the history of shootings that have happened since 2009 onward that these decisions are split second much like van der Klopp But we're not talking about the fact that they detained him for having guns There is nothing wrong with that We're not disputing that at all He could have been detained for 8 hours We've got policies that detain people with guns It's the conditions once he's in that cell Well I agree Your Honor I don't dispute the allegations but I do dispute the fact that they're trying to expand this beyond any other situation that's come before the court But it's a very limited expansion We're saying he doesn't have the right Carlson made that clear It's not an adequate deterrent because that only allows suits against the United States When individuals do this to a person and if he can prove deliberate indifference maybe there are policies that maybe it should go on remand to find out exactly if there are policies this isn't deliberate indifference but it would be a very slight expansion to give him a remedy that is adequate But that also goes sort of against the judicial mandate that any expansion, even minimal changes the situation of Bivens' claim in a meaningful way and such is the case here especially with the plaintiff's arguments where he tried a broad stroke in this to fit into a specific Bivens' situation, namely Carlson I think that's an important fact and an important thing that's got to be considered if in fact this is going to be extended that it is judicially disfavored and it's something that should not be expanded especially in this situation when you're dealing with military personnel on a military basis But we didn't hesitate in Bistrian and there it was a similar situation of claim of deliberate indifference In Bistrian you're dealing with prisoner-on-prisoner violence a significant issue there and that was something that was previously recognized namely in the Farmer vs. Brennan but we don't have that situation where it's prisoner-on-prisoner violence and again showing that this definitely is a different context Do we want to protect individual military defendants from personal liability? When you join the military you give up a lot of your advantages of civilian life you accept certain procedures of strict discipline etc., etc. you accept certain danger that will come to you and the overall view is Trump wants to impose personal liability on the members of the military and I think that is a very important factor for us to consider in determining whether to extend Bivens to the military Your Honor, I absolutely agree with that point Thank you Mr. McNeil I try to ask my questions to people who agree with me That's some of them slim dickens James I think there's a question there Good morning Your Honor Robert Spitzer here for one of the enlisted defendants Officer Bradley Officer Bradley is similarly situated if not identically situated to the defendants represented by the USAO Your Honor I've raised some good questions as to why this slight extension should be permissible in this case and the Supreme Court in Correctional Services v. Molesky 2001 specifically said since Carlson 1980 we have consistently refused to extend Bivens liabilities to any new context or new category of defendants It's undisputed military personnel are a new category of defendants under Bivens Wasn't there in Carlson involving Bureau of Prison Officials Shouldn't the Supreme Court be the one to say that they're not going to extend it because they've not, as I said before they've not killed the concept of a Bivens action they've cast doubt upon it They have not, but they have consistently said we hesitate against extending Bivens Well we'd be hesitating clearly that's appropriate to argue caution I don't think anyone, even your appointment, Mr. Schroff, would not suggest that we should not proceed cautiously if there were to be an extension But the courts including this court in Vanderklart again indicated no Supreme Court case has ever implied Bivens remedied a case involving the military national security or intelligence How is his intelligence or national security? It's the military because he was incarcerated on a military base They didn't give him shoes and bandages and my clerk said it's more about gauze and sandals than anything else. But if you look at the case as a whole you cannot view this in a microscope The case as a whole involves the national security of what is brought on to a military base How those military personnel react We do not want... You've got a lot stronger argument How do they react? Well could they incarcerate them? They incarcerate them in sanitary conditions or conditions that don't shock the conscious They give them Crocs and gauze But he's incarcerated. The weapons are seized. That's easy You're really going down a line of argument there that I'm not sure is very helpful to you Congress has specifically spoken as to the remedies available to a civilian arising out of the conduct of the military and the military personnel Congress has specifically carved out They said the only liable party could potentially be the United States government Congress has specifically omitted They do not want to put personal exposure on military personnel The courts have consistently indicated when it comes to a separation of power, we do not want to overstep and we do not want to create causes of action where Congress has otherwise elected not to do so. And the Military Claims Act has specifically said military personnel cannot be held responsible There is a remedy available It doesn't provide a remedy And that is done by design by Congress But doesn't that mean therefore that if he has a deliberate indifference claim that falls under the Constitution that he can bring it. They haven't foreclosed it They haven't given him another remedy So wouldn't it be fair to think that Congress assumes if you have a deliberate indifference claim against someone who is in the government you should be able to bring it under 1983 People do it all the time against police If sovereign immunity has not been waived how can you The issue hasn't been presented This is not a 1983 claim. It is specifically a claim against military personnel falls right under the end of the Military Claims Act In Dover's Marin they found the Military Claims Act was a possible alternative remedy Because that was in a foreign nation. That's where the Military Claims Act predominantly applies But it's not limited to that It says that if you have a federal torts claim act you can't proceed under the Military Claims Act So they've kicked people out such as him out of the Military Claims Act into the federal tort claims act and they have said that that's not adequate. You cannot bring individual liability But Vanderklok says even without a possible, even without a remedy that by itself does not allow you to create a new Bivens case If national and security were implicated. We agree with that And other factors, counseling, hesitation which we believe are present. We believe those are recognized by the district court Thank you Mr. Traffick, you deserve to think Two minutes, two minutes, I'm not sure I think I said five He said five, he said five I think the key here is as your honor has suggested that Bivens has not been foreclosed. It is alive and the Supreme Court has suggested that the courts proceed with hesitation and with caution in evaluating these matters and determining whether or not they can proceed And an Eighth Amendment indifference to a serious medical need, deliberate indifference to a serious medical need claim is well recognized in the judicial system and there is an inadequate remedy in this case The Military Claims Act I would suggest as Judge Rendell, you've noted several times it really doesn't apply in this case because we're in the federal tort claims ambit and Carlson has held very clearly that we can seek to proceed on this Bivens claim in that regard I'd like to make a comment about Fort Dix very briefly given some of the exchanges here this morning Fort Dix is a virtual city and I've handled cases personally there where people get arrested for minor drug charges DWIs a whole panoply of different cases and the key here is you've suggested Judge Rendell that he was taken into custody and what are the conditions while he's in custody while he's in that jail and did they treat him with deliberate indifference to a serious medical need and I would suggest that they certainly did and that this falls well within the ambit of what Bivens is designed to accomplish and the cases where Bivens actions have been brought and that this case should be allowed to proceed under that That's all.